UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PAVALONE,<br>  Plaintiff | CASE NO. 3:14-CV-2344 |
| v. | (JUDGE NEALON) |
| UNITED STATES GOVERNMENT,<br>  Defendant | FILED<br>SCRANTON<br>JAN 1 4 2015 |

**MEMORANDUM**

**Background**

On December 10, 2014, Plaintiff, Paul Pavalone, an inmate currently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). After an initial screening of the complaint, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for purposes of filing this complaint, and the complaint will be dismissed with prejudice.

**Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a

prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
      (A) the allegation of poverty is untrue; or
      (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is
          immune from such relief.

Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Further, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Complaint**

Plaintiff alleges that he is being held "illegally and unlawfully within the Lackawanna County Prison pursuant to 18 USC 241, 18 USC 242, and the Constitution of the United States of America," and that he is "under unlawful surveillance on behalf of the United States government" via satellite, human surveillance, internet activity, and electronic surveillance in violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 1, pp. 1-2). He alleges that the "illegal" surveillance dates back to 1998, and that

it includes theft of intellectual properly, unlawful marketing, borderline slavery, and abuses of "FCC resources to harass, threaten, and annoy [him]." (Doc. 1, p. 2). He further claims that this "illegal" surveillance has led to violations of his "human rights, civil rights, [and] constitutional rights" and has led to unlawful imprisonment, and religious and political persecution. (Id. at 1-2). He also claims that he has been subjected to harassment, psychological and behavioral experimentation, and threats against his life as a result of this "illegal" surveillance. (Id. at 2).

**Discussion**

Initially, we will recommend that Plaintiff's complaint be dismissed with prejudice because Plaintiff has not named a proper defendant. Instead, the sole named Defendant is "United States Government (United States of America)." Id. at 1). It is well-established that "'the United States and other governmental entities are not 'persons' within the meaning of Section 1983.'" Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998) (citing Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970)). Therefore, because the only Defendant named is the "United States Government (United States of America)," this action will be dismissed with prejudice.

Furthermore, we remind Plaintiff that, to the extent that he is challenging his

conviction or sentence, a Section 1983 suit is not the proper suit, and he instead must file any such challenges in a petition for writ of habeas corpus. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser v. Rodriguez, 411 U.S. 475, 490, 499 (1973) (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate").

## Conclusion

Because Plaintiff has named only one Defendant, and because this Defendant "United States Government (United States of America)" is not a person subject to suit under Section 1983, the complaint will be dismissed in its entirety.

A separate Order will be issued.

**Date:** January 14, 2015

_____
United States District Judge